Edmund J. Ferdinand, III, Esq. (EF9885)
Alexander R. Malbin, Esq. (AM9385)
FERDINAND IP, LLC
125 Park Avenue, 25th Floor
New York, NY 10017
(212) 520-4296

Attorney for Plaintiff
ERIC JOHNSON

**15 CV 1356**



JUDGE SCHEINDLIN

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

ERIC JOHNSON,

               Plaintiff,

- against -

STEED MEDIA GROUP, INC.,

               Defendant.

Civil Action No. _____

**COMPLAINT**

**JURY TRIAL DEMANDED**

### COMPLAINT

Mr. Eric Johnson (hereinafter "Plaintiff"), by and through his undersigned counsel, for his Complaint against Steed Media Group ("Defendant"), states and alleges as follows:

### THE PARTIES

1. Plaintiff Eric Johnson is a citizen of the State of New York, County of New York, with his principal place of business at 472 9th Avenue, Apt. #3, New York, New York, 10018

2. Upon information and belief, Defendant Steed Media Group ("Defendant") is a Georgia corporation with its principal place of business in Atlanta, Georgia and with offices in New York, New York and around the United States.

## JURISDICTION AND VENUE

3. This is an action for copyright infringement arising under the Copyright Act of 1976, as amended, 17 U.S.C. § 101 *et seq.* (the "Copyright Act"). This action arises from Defendant's unauthorized and unlawful reproduction, distribution, and public display of certain copyrighted photographs owned by Plaintiff, and causing, inducing, and/or materially contributing to further unauthorized and unlawful use of such photographs, in willful infringement of Plaintiff's U.S. Copyright Registrations, Registration Nos. VA 1-910-544 and VA 1-929-530.[1]

4. This Court has subject matter jurisdiction pursuant to 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant because Defendant engages in continuous and systematic business activities in the State of New York and/or has purposely directed substantial activities at the residents of New York by means of the web site described herein and derives substantial revenue from interstate commerce. This Court also has personal jurisdiction over Defendants pursuant to the long-arm statute of New York because the causes of action alleged herein arise from transactions of business carried out by Defendants in this State and/or from transactions of business to supply goods or services in this State carried out by Defendants and/or from tortious acts causing injury to person and/or property within this State. C.P.L.R. § 302; *see Penguin Group (USA) Inc. v. Am. Buddha*, 16 N.Y.3d 295 (2011).

6. Venue is proper under 28 U.S.C. § 1391(a)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events giving rise to the causes of

---

[1] Copies of the Certificates of Registration are attached hereto at Exhibit 1.

action alleged herein occurred in this Judicial District, and the injury suffered by Plaintiff took place in this Judicial District.

## FACTUAL ALLEGATIONS

### A. PLAINTIFF AND HIS ORIGINAL CREATION AND USE OF HIS COPYRIGHTED PHOTOGRAPHS OF AALIYAH AND THE NOTORIOUS B.I.G. & FAITH EVANS

7. Plaintiff, Eric Johnson, is a successful, award-winning professional photographer and artist. He is a citizen of the State of New York and resides in the Borough of Manhattan.

8. One focus of Plaintiff's work is photographic portraiture. Plaintiff has been producing iconic photographic portraits of a wide, diverse group of musicians, artists, and celebrities for over twenty-five years. His photographs have been published in countless books, magazines, newspapers and periodicals, used as cover artwork for music albums, and shown in gallery shows. Many of his more well-known portraits have become truly etched into the public consciousness.

9. Plaintiff is the legal and beneficial owner of a vast number of his original photographs, certain of which he licenses and/or sells, and many of which he has not licensed or sold and instead maintains in his private personal archive. Plaintiff has invested significant time, money, resources and manpower over his distinguished and longstanding career in building and maintaining his personal photograph archive.

10. In July 1995, Plaintiff shot a series of photographs of the rapper and recording artist The Notorious B.I.G. and his wife, recording artist Faith Evans (the "BIG/Evans Photographs").[2]

---

[2] The certificate of copyright registration covering the BIG/Evans Photographs (U.S. Reg. No. VA 1-929-530), which identifies Plaintiff as author and copyright claimant, is attached hereto at Exhibit 1.

11. In June 2001, Plaintiff shot a series of photographic portraits of the R&B recording artist and actress Aaliyah (the "Aaliyah Photographs").[3]

12. Certain of Plaintiff's BIG/Evans Photographs and Aaliyah Photographs have come to define the enduring images of the late recording artists The Notorious B.I.G. and Aaliyah among the public and their devoted fans.

**B.   THE DEFENDANT AND ITS BUSINESS OPERATIONS**

13. Upon information and belief, Defendant, Steed Media Group, Inc., is a print and new media publishing company which claims to distribute the nation's largest chain of African-American newspapers. Upon information and belief, Defendant publishes a print edition of its publication, titled "Rolling Out," and distributes 1.2 million copies thereof each week in 19 of the top 25 African-American markets. Upon information and belief, over 90,000 copies of Defendant's "Rolling Out" print publication are distributed in New York City each week.

14. Upon information and belief, at all times relevant to this dispute, Defendant has owned and/or operated the web site www.rollingout.com (the "Website").

15. Upon information and belief, the Website is Defendant's successful online publishing outlet, which entertains over 150,000 unique visitors each month with, *inter alia*, celebrity, music, lifestyle, and gossip articles.

16. Upon information and belief, Defendant is the registered owner and operator of the Website and is responsible for all of the content that appears thereon.

17. Upon information and belief, Defendant takes an active role in selecting content to appear on the Website by, *inter alia*, selecting, copying, posting, and publicly displaying photographic images thereon, and employing moderators and administrators ("Employees") who,

---

[3] The certificate of copyright registration covering the Aaliyah Photographs (U.S. Reg. No. VA 1-910-554), which identifies Plaintiff as author and copyright claimant, is attached hereto at Exhibit 1.

within the scope of their employment, select and control the content (including photographic images) displayed on the Website.

18. Upon information and belief, the Website is monetized in that it displays paid advertisements and markets the goods and services of Defendant to the public, including to persons located in the State of New York. Upon information and belief, Defendant profits from its operation of the Website.

19. Upon information and belief, Defendant provides technological means on the Website by which third parties who access the Website can reproduce and/or distribute content thereon, including photographic images.

### C.   DEFENDANT'S INFRINGEMENTS OF PLAINTIFF'S PHOTOGRAPHS

20. Without valid license or permission or authorization from Plaintiff, Defendant has willfully infringed and contributed to further infringements of Plaintiff's copyrights in and to at least one of the BIG/Evans Photographs and at least five of the Aaliyah Photographs by reproducing, distributing, publicly displaying, and making available for further reproduction, distribution and public display, such photographs on the Website. Attached hereto at Exhibit 2 are true and correct copies of printouts of web pages on the Website showing Defendant's infringing uses of one of the BIG/Evans Photographs and five of the Aaliyah Photographs, and, at Exhibit 3, reproductions of Plaintiff's infringed photographs. Each of the printouts of the Website attached at Exhibit 2 shows an exact copy of one of Plaintiff's original BIG/Evans Photographs or Aaliyah Photographs attached at Exhibit 3.

21. Specifically (as evidenced by the dates identified in the Website printouts attached hereto at Exhibit 2), Defendant commenced seven separate and distinct infringing uses of one of the BIG/Evans Photographs on or about September 5, 2012, October 8, 2012, October

29, 2012, October 31, 2012, January 18, 2013, November 27, 2013, and October 18, 2014, and Defendant commenced five separate and distinct infringing uses of five of the Aaliyah Photographs on or about April 27, 2012, January 16, 2013, May 23, 2014, May 26, 2014, and June 23, 2014.

22. Upon information and belief, the infringing copies of Plaintiff's photographs displayed on the Website were posted thereon by Defendant and/or Defendant's Employees acting within the scope of their employment with Defendant. None of the infringing copies of the BIG/Evans Photographs or the Aaliyah Photographs were posted on the Website at the direction of a "user" as defined under 17 U.S.C. § 512.

23. Upon information and belief, Defendant purposely posted certain of the BIG/Evans Photographs and Aaliyah Photographs on the Website with knowledge of their renown among the public and the devoted fans of The Notorious B.I.G. and Aaliyah, with the intention of attracting web visitor traffic to the Website by their visibility thereon, thereby increasing advertising revenues and sales of its goods and services.

24. Upon information and belief, Defendant has driven significant traffic to the Website by the presence of Plaintiff's photographs thereon. The increased traffic to the Website has led to the generation of substantial revenues for Defendant directly attributable to its infringements of Plaintiff's copyrights.

25. Upon information and belief, Defendant is a recidivist copyright infringer, having been sued for copyright infringement on the basis of unauthorized use of photographs on the Website at least four times since 2012.

26. Plaintiff, through undersigned counsel, has sought to resolve Defendant's infringements by making numerous cease-and-desist demands to Defendant (and/or its counsel

of record in its two current litigation defenses) over many months, beginning in June 2014. However, neither Defendant nor its counsel has responded to any of our communications in any manner, and the infringing copies of Plaintiff's photographs remain publicly displayed and available for further reproduction and distribution on the Website to this day. Furthermore, Defendant commenced no fewer than two of its infringing uses of Plaintiff's photographs subsequent to being put on notice of its infringements by undersigned counsel, in brazen disregard for Plaintiff's rights and copyright interests. Accordingly, Plaintiff requires this Court's intervention to put a stop to Defendant's continued willful infringements of his copyrights and vindicate his legal rights under the Copyright Act.

27. Plaintiff has complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges to the BIG/Evans Photographs and the Aaliyah Photographs, and obtained the appropriate certificates of copyright registration, U.S. Copyright Reg. Nos. VA 1-910-544 and VA 1-929-530 (attached hereto at Exhibit 1).

28. Upon information and belief, Defendant has engaged in the infringing acts forming the basis of this Complaint knowingly of, and with reckless disregard for, Plaintiff's rights in the Photographs, and were aware and/or should have been aware that its infringing activities constitute infringements under the Copyright Laws of the United States.

29. Upon information and belief, Defendant has engaged in its illicit reproduction, distribution and public display of Plaintiff's photographs infringing activities for the purpose of profiting therefrom.

30. Upon information and belief, at all times material hereto, Defendant has had the means and ability to stop the reproduction, distribution, and public display of Plaintiff's copyrighted photographs, on the Website and, despite being repeatedly put on notice of the

infringing nature of the copies of Plaintiff's photographs displayed on the Website, has failed to do so.

31. As a result of Defendant's willful misconduct described herein, Plaintiff has been substantially harmed.

32. Plaintiff has no adequate remedy at law. Defendants' infringing acts as described above have caused and, if not enjoined, will continue to cause irreparable harm to Plaintiff.

### FIRST COUNT
### *(Direct Copyright Infringement)*

33. Plaintiff repeats and reincorporates the allegations contained in the preceding paragraphs as though set forth in full herein.

34. At all times herein, Plaintiff has been and is still the owner, and proprietor of all right, title and interest in and to the BIG/Evans Photographs and the Aaliyah Photographs. The BIG/Evans Photographs and the Aaliyah Photographs are original, creative works of Plaintiff's authorship and constitute copyrightable subject matter under the Copyright Act.

35. Plaintiff has complied in all respects with the Copyright Act's prerequisites for a copyright infringement action, including obtaining certificates of copyright registration from the Copyright Office covering each of the infringed photographs (attached hereto at Exhibit 1).

36. Defendant has not obtained valid license, authorization or permission to use any of the BIG/Evans Photographs or the Aaliyah Photographs in any manner, and Plaintiff has not assigned any of his exclusive rights in his copyrights in the BIG/Evans Photographs or the Aaliyah Photographs to Defendant.

37. Without permission or authorization from Plaintiff and in willful violation of his rights under 17 U.S.C § 106, Defendant improperly and illegally copied, reproduced, distributed,

and publicly displayed certain of Plaintiff's copyright-protected BIG/Evans Photographs and Aaliyah Photographs on the Website.

38. Defendant's use of the BIG/Evans Photographs and the Aaliyah Photographs on the Website as set forth in this Complaint violates Plaintiff's exclusive rights under the Copyright Act and constitute willful infringement of Plaintiff's copyrights.

39. Upon information and belief, thousands of people throughout the United States have viewed the infringing copies of the BIG/Evans Photographs and the Aaliyah Photographs on the Website.

40. Upon information and belief, Defendant has knowledge of the copyright infringements alleged herein, and has knowingly and willfully carried out its infringing activities, continue to do so to this day despite being repeatedly put on notice of its infringements, and will continue to do so unless enjoined by this Court.

41. As a direct and proximate result of Defendant's misconduct, Plaintiff has been substantially harmed in an amount to be proven at trial.

**SECOND COUNT**
*(Inducement of Copyright Infringement)*

42. Plaintiff repeats and reincorporates the allegations contained in the preceding paragraphs as though set forth in full herein.

43. Individuals using the Website that Defendant owns, operates, distributes, and promotes, have been provided with technological means to directly infringe and are directly infringing Plaintiff's copyrights in the BIG/Evans Photographs and the Aaliyah Photographs by creating and distributing unauthorized reproductions thereof on social media providers including Facebook, Twitter, and Tumblr.

44. Defendant's infringing activities have been willful, intentional, purposeful, and in complete disregard of Plaintiff's rights, and has caused substantial damage to Plaintiff.

45. As a direct and proximate result of Defendant's infringing activities, Plaintiff has been substantially harmed in an amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

1. That the Court enter a judgment finding that Defendant has directly infringed and induced others to infringe Plaintiff's U.S. Copyright Reg. Nos. VA 1-910-544 and VA 1-929-530 in violation of 17 U.S.C. § 501 *et seq.* and award damages and monetary and injunctive relief as follows:

    a. Statutory damages pursuant to 17 U.S.C. § 504(c) in the amount of $150,000 per infringed work or, in the alternative, Plaintiff's actual damages and disgorgement of Defendant's wrongful profits in amounts to be proven at trial;

    b. A permanent injunction pursuant to 17 U.S.C. § 502 enjoining Defendant from directly or indirectly infringing Plaintiff's U.S. Copyright Reg. Nos. VA 1-910-544 and VA 1-929-530; and,

    c. Plaintiff's attorneys' fees and costs pursuant to 17 U.S.C. § 505; and,

2. Such other and further relief that the Court determines is just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all counts so triable.

Dated: February 24, 2015                    Respectfully submitted,

*[signature]*

Alexander Malbin, Esq. (AM 9385)
Edmund J. Ferdinand, III, Esq. (EF 9885)
FERDINAND IP, LLC
125 Park Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 520-4296
Fax: (203) 905-6747
Email: amalbin@24iplg.com

Attorney for Plaintiff
ERIC JOHNSON